IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATALIE L. F., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-CV-376-JFJ |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Natalie L. F. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For the reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.    General Legal Standards and Standard of Review**

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological

---

[1] Effective July 9, 2021, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing his past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the

2

national economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**II.    Procedural History and the ALJ's Decision**

On February 26, 2018, Plaintiff, then a 36-year-old female, applied for disability insurance benefits under Title II of the Social Security Act. R. 15, 182-85. Plaintiff alleges that she has been unable to work since February 10, 2017, due to degenerative disc disease, manic depressive disorder, anxiety, and high cholesterol. R. 182, 216. Plaintiff's claim for benefits was denied initially and on reconsideration. R. 79-103. ALJ David W. Engel conducted an administrative hearing and issued a decision on September 27, 2019, denying benefits and finding Plaintiff not disabled. R. 15-33, 39-78. The Appeals Council denied review, and the ALJ's decision represents

3

the Commissioner's final decision for purposes of this appeal. R. 1-3; 20 C.F.R. §§ 404.981, 416.1481.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 10, 2017. R. 20. At step two, the ALJ found Plaintiff's degenerative disc disease of the cervical spine and thoracic spine, obesity, bipolar disorder, anxiety disorder, depression, and substance abuse disorder were severe impairments. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. R. 23-24. In assessing Plaintiff's mental impairments under the "paragraph B" criteria at step three, the ALJ concluded that Plaintiff had mild limitations in the mental functional area of adapting or managing oneself, and moderate limitations in the three areas of (1) understanding, remembering, or applying information; (2) interacting with others; and (3) concentrating, persisting, or maintaining pace. R. 23-24.

At step four, the ALJ summarized Plaintiff's hearing testimony, the medical source opinion evidence, and the medical evidence in the record. R. 25-31. He then found that Plaintiff had the RFC to perform less than the full range of light and sedentary work with non-exertional postural, manipulative, and environmental limitations not relevant to this appeal, and the following mental limitations:

> She is able to understand, remember, and carry out simple instructions in a work-related setting, and is able to interact with co-workers and supervisors under routine supervision, but is unable to interact with the general public more than occasionally, regardless of whether that interaction is in person or over a telephone. She is afflicted with symptoms from a variety of sources to include moderate intermittent pain and fatigue, as well as depression, bipolar, and anxiety and allied mental impairments, all variously described, that [a]re of sufficient severity so as to be noticeable to her at all times, but nevertheless is able to remain attentive and responsive in a work-setting and would be able to perform work assignments within the above-cited limitations.

4

R. 24-25. Based on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff could not return to her past relevant work. R. 31.

At step five, the ALJ concluded that Plaintiff could perform other occupations existing in significant numbers in the national economy, including touch-up screener and hand polisher. R. 32-33. The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). R. 33. Accordingly, the ALJ concluded Plaintiff was not disabled. *Id*.

### III. Issues

In challenging the Commissioner's denial of benefits, Plaintiff asserts the ALJ failed to: (1) provide a narrative discussion at step four that explains how the evidence supported the RFC, (2) properly evaluate the medical source opinion of Uyen Dinh, APRN, and (3) properly assess the consistency of Plaintiff's subjective allegations. ECF No. 20. The Court agrees with Plaintiff's first and second allegations of error, and therefore reverses and remands for further proceedings. The Court does not reach the third allegation of error.

### IV. Analysis

The relevant medical records reveal that Plaintiff was regularly treated for depression, anxiety, and/or bipolar disorder by varying providers from February 2018 through July 2019. R. 304-05, 420-29, 450-82, 532-35, 542-43, 559-61.[2] Plaintiff's symptoms waxed and waned at these appointments, and the mental status examinations were normal as to Plaintiff's attention,

---

[2] Prior to February 2018, Plaintiff's mental health treatment was sporadic. Dr. Shirley Chestnut initially treated Plaintiff for depression and anxiety from May 2015 through January 2016. R. 342-43, 347-50, 354-55. Plaintiff resumed treatment with Dr. Chestnut in February 2017. R. 318-19. By September 2017, Plaintiff reported no depression and indicated that she no longer needed medication. R. 309-10.

concentration, memory, thought process, insight, and judgment, but providers consistently noted Plaintiff had a depressed and anxious mood and affect. *Id.*

On April 4, 2018, state agency psychiatrist Jason Gunter, Ph.D. reviewed the record and concluded that Plaintiff's depressive, bipolar, and related disorders were non-severe and produced no more than mild functional limitations. R. 83-85. State agency psychiatrist Richard Sorensen, Ph.D. affirmed Dr. Gunter's findings on review in July 2018. R. 96-98.

On September 17, 2018, Uyen Dinh, APRN, completed a medical source statement regarding Plaintiff's ability to do work-related activities. R. 395-96. The form she completed asked for an opinion on the degree of Plaintiff's limitations in various functional areas – either mild, moderate, marked, or extreme – resulting from Plaintiff's mental impairments.[3] Ms. Dinh checked boxes indicating Plaintiff was markedly limited in her ability to (1) understand, remember, and carry out detailed instructions; (2) maintain attention and concentration for extended periods; (3) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (4) sustain an ordinary routine without special supervision; (5) complete a normal workday and workweek without interruption from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and (6) respond appropriately to changes in the work setting. *Id.* Ms. Dinh indicated Plaintiff was moderately limited in her ability to (1) remember locations and work-like procedures; (2) understand, remember, and carry out very short and simple instructions; (3) work in coordination

---

[3] The form defined "moderately limited" as "[i]mpairment levels are compatible with some, but not all useful functioning. Considered to be 1 standard deviation below the norm, or 30% overall reduction in performance." R. 395. "Markedly limited" was defined as "[m]ore than [m]oderate, but less than extreme resulting in limitations that seriously interferes with the ability to function independently. Considered to be 2 standard deviations below the norm, or 60% overall reduction in performance." The form did not define "mildly limited," nor did it provide an option for "not limited."

6

with or proximity to others without being distracted by them; (4) interact appropriately with the general public; (5) get along with co-workers or peers without distracting them or exhibiting behavioral extremes; (6) maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and (7) set realistic goals or make plans independently of others. *Id.* Ms. Dinh found Plaintiff mildly limited in the six remaining functional areas she assessed, including, *inter alia,* her ability to understand and remember very short and simple instructions and to make simple work-related decisions. *Id.* Ms. Dinh also indicated Plaintiff's symptoms would cause her to leave work early or be absent from work approximately 4 days per month and be off task at least 25% of the day. *Id.*

    **A.**    **ALJ Did Not Provide a Sufficient Narrative Discussion Explaining His RFC Assessment**

A claimant's RFC is her "*maximum* remaining ability to do sustained work activities in an ordinary work setting" for 8 hours a day, 5 days per week despite her medical impairments and symptoms. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996). In assessing the RFC, the ALJ must "must include a narrative discussion describing how the evidence supports each conclusion" as to the claimant's work-related limitations. *Id,* at *7. In other words, the ALJ must explain the basis for the limitations included in the RFC assessment with citations to "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id*. Additionally, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence" of record were considered and resolved. *Id.* Furthermore, if the RFC conflicts with a medical source opinion, the ALJ must "explain why the opinion was not adopted." *Id.*

In his written decision, the ALJ summarized Plaintiff's testimony and much of the medical evidence of record. In discussing the opinion evidence at step four, the ALJ found the state agency

7

psychiatrists' opinions that Plaintiff had no severe mental impairments unpersuasive, because their conclusions were inconsistent with Plaintiff's history of mental health treatment and her examination and treatment records showing she had a depressed, anxious, and sometimes irritable or angry mood.  R. 30.  Thus, the ALJ included bipolar disorder, anxiety disorder, and depression among Plaintiff's severe impairments.  R. 20.  The ALJ also determined that Ms. Dinh's opinion was unpersuasive.  *Id.*  In reaching this conclusion, the ALJ found Ms. Dinh's marked and moderate limitations in several areas of mental functioning were inconsistent with examination evidence from September 2018 to December 2018, which he noted generally showed Plaintiff had normal attention and unimpaired cognition.  R. 30.  The ALJ also found Ms. Dinh's limitations were not supported by the numerous examination findings where Plaintiff's memory was intact or normal.  *Id.*  The ALJ then stated that Plaintiff's mental health-related symptoms did not support "additional" RFC limitations because they responded to medication.  R. 31.

      The Court concludes that the ALJ violated SSR 96-8p by failing to explain how the medical and non-medical evidence supports the RFC assessment.  While the ALJ summarized the evidence of record relating to Plaintiff's mental impairments, he did not explain how such evidence supported his finding that Plaintiff could perform the mental limitations assessed in the RFC, *i.e.*, understand, remember, and carry out simple instructions in a work setting; interact with co-workers and supervisors under routine supervision; and remain attentive and responsive in a work setting. "It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions." *Pedraza v. Berryhill,* Case No. 17-2152-SAC, 2018 WL 6436093, at *2 (D. Kan. Dec. 7, 2018) (citing *Cruse v. U.S. Dept. of Health & Human Services,* 49 F.3d 614, 618 (10th Cir. 1995).  Although the ALJ stated that no *additional* RFC limitations were necessary since Plaintiff's mental health-related symptoms responded to medication, the ALJ pointed to no

8

medical opinion, testimony, or other evidence to support his RFC findings in the first instance. R. 26-31. Indeed, the ALJ found all the medical opinions of record unpersuasive and found Plaintiff's subjective complaints not entirely consistent with the evidence of record, leaving the Court unable to determine what evidence or medical opinions, if any, support the RFC assessment. *Id*. *See Pedraza*, 2018 WL 6436093, at *2 ("When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination."). The ALJ's conclusory RFC assessment prevents the Court from performing a meaningful review of his determination. *See Spicer v. Barnhart,* 64 F. App'x 173, 177-78 (10th Cir. 2003) (stating that the ALJ's decision must be "sufficiently articulated so that it is capable of meaningful review"). Because the ALJ failed to provide a narrative discussion explaining the evidentiary basis and rationale for the RFC assessment as required by SSR 96-8p, his conclusions are not supported by substantial evidence. *See Southard v. Barnhart,* 72 F. App'x 781, 784-85 (10th Cir. 2003) ("Because the ALJ failed to make all the detailed findings required by the regulations and rulings at step four, his RFC conclusions are not supported by substantial evidence.").

Furthermore, the only explanation the ALJ did provide as support for the RFC assessment is not supported by the record. As set forth above, the ALJ found Plaintiff's mental health-related symptoms responded to medication, and he used this finding to explain why he did not assess any additional RFC limitations. R. 31. However, in making such finding, the ALJ ignored that Plaintiff consistently reported persistent symptoms despite her course of treatment with psychotropic medications and psychotherapy, and that Plaintiff's providers adjusted her medications at nearly every appointment in the record. R. 304-05, 420-29, 450-82, 532-35, 542-43, 559-61. Thus, the ALJ erred by failing to discuss all of the evidence related to Plaintiff's

9

mental impairments and citing only evidence favorable to his finding of non-disability. *See Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.").

### B. ALJ Failed to Properly Evaluate Ms. Dinh's Opinion

For claims filed after March 27, 2017, such as Plaintiff's claim, 20 C.F.R. §§ 404.1520c and 416.920c provide that the ALJ will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[4] Instead, the ALJ now need only articulate how persuasive he finds each medical source's opinion. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). Persuasiveness is based primarily on an opinion's supportability and consistency, and the ALJ must explain how he considered those two factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).[5] The ALJ may, but is typically not required to, discuss other considerations that may affect the persuasiveness of a medical opinion, such as the source's relationship with the claimant, the source's area of specialization, and other factors tending to support or contradict a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2)-(c), 416.920c(b)(2)-(c).

---

[4] In adopting the revised rules, the Social Security Administration explained: "To account for the changes in the way healthcare is currently delivered, we are adopting rules that focus more on the content of medical opinions and less on weighing treating relationships against each other. This approach is more consistent with current healthcare practice." *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 FR 5844-01, at 5854, 2017 WL 168819 (Jan. 18, 2017).

[5] For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). For consistency, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

10

The ALJ's evaluation of Ms. Dinh's opinion is not supported by substantial evidence. As set forth above, the ALJ found Ms. Dinh's opinion unpersuasive because (1) it was inconsistent with mental status examinations that indicated Plaintiff's attention was normal and her cognition was unimpaired, and (2) it was unsupported by the mental status examinations showing her memory was intact or normal. R. 30. Despite finding Ms. Dinh's opinion unpersuasive, the ALJ nonetheless appeared to adopt her opinion regarding Plaintiff's limited ability to understand, remember, and carry out detailed instructions; to complete a normal workday and workweek without interruption from psychologically-based symptoms; and to interact appropriately with the general public. R. 24-25. It was error for the ALJ to wholly reject Ms. Dinh's medical source opinion and then ultimately adopt some of her limitations in the RFC assessment without explanation. *See Chapo v. Astrue,* 682 F.3d 1285, 1291-92 (10th Cir. 2012) (finding error where the ALJ "fully discounted the bulk of" a medical source's opinion but accepted a restriction in dealing with the public "with no explanation at all as to why one part of his opinion was creditable and the rest was not."); *see also Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.") (cleaned up). This analysis was particularly important in the instant case because Ms. Dinh was Plaintiff's only medical provider to evaluate the functional limitations caused by Plaintiff's severe mental impairments and because the record does not contain a consultative mental status examination. This error is harmful, as Ms. Dinh assessed Plaintiff with mental limitations not accounted for in the RFC or the hypothetical question posed to the VE. Accordingly, remand is required for proper evaluation of Ms. Dinh's opinion.

V.   **Conclusion**

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 28th day of January, 2022.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**